UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-mj-267 (DTS)

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DESHAWN MARCHELLO MCKIZZIE, )<br>)<br>Defendant. )<br>) | **GOVERNMENT'S MOTION<br>FOR DETENTION** |

The United States of America respectfully moves the Court to detain Deshawn Marchello McKizzie pending trial under 18 U.S.C. § 3142. Detention is warranted because McKizzie poses a danger to the community.

## I. FACTS OF THE CASE

In March 2024, the Minneapolis Police Department received information about possible straw purchasing of firearms by an individual in the Minneapolis Metro area. Records showed this individual had purchased approximately 32 firearms between December, 2023 and March, 2024. The straw purchaser was identified and a search warrant was executed on his residence.

The search warrant obtained access to the straw purchaser's phone, which showed multiple messages between the straw purchaser and McKizzie. In several conversations, McKizzie arranged the purchase of multiple firearms through the straw purchaser. Cash App transactions show that McKizzie would pay the straw purchaser on the same date that he obtained the firearms.

On April 17, 2024, law enforcement obtained a warrant to search McKizzie's

residence at 38XX Minnehaha Avenue South, Minneapolis.[1] Inside, officers found boxes for two pistols: a Smith & Wesson model M&P 5.7 caliber pistol bearing serial number PJU9856; and a Glock model 22 .40 caliber pistol bearing serial number AFSX207. Trace records showed that these pistols were purchased by the straw purchaser and Cash App transactions between the purchaser and McKizzie aligned with the date the pistols were purchased. McKizzie was arrested and charged with conspiracy to provide false information during the purchase of a firearm.

## II.   DETENTION IS APPROPRIATE BECAUSE MR. MCKIZZIE IS A DANGER TO THE COMMUNITY

The court should detain Mr. McKizzie because no condition or combination thereof will reasonably assure the safety of any person or the community.

a.   A detention hearing is authorized

The court shall hold a hearing on the question of detention in certain enumerated cases, including "any felony…that involves the possession or use of a firearm…" 18 U.S.C. § 3142(f)(1)(E).

Whether an offense involves the possession of a firearm depends not on the bare elements of the charged offense, but on "the conduct giving rise to the charged offense." *United States v. Watkins,* 940 F.3d 152, 165 (2d Cir. 2019). For example, § 3142(f)(1)(E) extends to cases that "involve[] a minor victim," even where the elements do not indicate as much, thereby showing that "Congress must have

---

[1] The warrant was issued by Hennepin County District Court pursuant to an investigation regarding a recent armed robbery of a jewelry store in which McKizzie is a primary suspect.

intended for judicial officers to look beyond the elements of the charged offense." *Id.* at 176. Another common example is when a defendant is charged with possessing ammunition after having committed a felony, in violation 18 U.S.C. § 922(g)(1). In those cases, although the elements do not categorically involve the possession of a firearm, courts look beyond the elements, and if the defendant's conduct involved the possession of a firearm, in addition to the ammunition, then § 3142(f)(1)(E) authorizes detention. *See, e.g., id.* (authorizing pre-trial detention in felon-in-possession-of-ammunition case); *United States v. Elizondo*, No. 4:24-CR-00157-002, 2024 WL 1546488, at *2-3 (S.D. Tex. Apr. 9, 2024) (same).

Detention has also been authorized in a case charging a defendant with making a false statement on an ATF Form 4473 with respect to information required to be maintained in the records of a federal firearm licensee, the precise allegation in this case. *United States v. Syed*, No. 1:22-CR-1395-WJ, 2022 WL 6103455, at *5 (D.N.M. Oct. 7, 2022) (finding § 3142(f)(1)(E) authorizes the government to seek detention if conduct underlying false statement charge involves possession of a firearm.)

The complaint in this case alleges that McKizzie possessed multiple firearms obtained via straw purchase. *See* Compl. ¶¶ 5-7. Indeed, he still had the boxes from the firearms in his bedroom. *Id.* Because the underlying conduct involves actual possession of a firearm, it is appropriate for the Court to order a hearing on the issue of detention.

  b. <u>Legal standard for detention.</u>

A court shall detain a defendant pending trial upon finding that no condition or combination of conditions will reasonably assure the defendant's appearance or the safety of any other person or the community.  18 U.S.C. § 3142(e)(1). The court must consider several factors in determining whether a defendant will be detained.  18 U.S.C. § 3142(g).  Those factors are:

- the nature and circumstances of the offense charged, including whether the offense involves a firearm;

- the weight of the evidence against the person;

- the history and characteristics of the person, which includes, *inter alia*, criminal history, record concerning appearance at court proceedings, and whether the defendant was on probation at the time of the offense or arrest; and

- the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g)(1-4).  If clear and convincing evidence shows that release will result in a danger to the community, or if a preponderance of the evidence shows that release will result in a serious risk of flight, then detention shall be ordered.  *See Abad*, 350 F.3d at 797; *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

  c. <u>The § 3142(g) factors weigh in favor of detention.</u>

The Court should order McKizzie be detained because the § 3142(g) factors show that he is a danger to the community. The nature and circumstances of the offense are severe. The weight of the evidence against McKizzie is heavy. McKizzie has a concerning criminal history involving almost exclusively violent offenses.

McKizzie is alleged to have purchased a number of firearms through a straw purchaser. Officers recovered none of those firearms from McKizzie's home and their whereabouts are currently unknown. The weight of the evidence shows that McKizzie obtained these firearms via straw purchase and then re-sold them. Such transactions do not occur between well-meaning individuals; they occur when dangerous criminals require firearms that they cannot otherwise obtain. His actions have led to multiple firearms being unlawfully poured into Minnesota communities, and into the hands of violent individuals. In the alternative, McKizzie still retains possession of the firearms and would have access to several should he be released. Given that he is currently the primary suspect in a recent armed robbery, releasing McKizzie to return to those firearms poses a significant risk to the community. This evidence, combined with his criminal history, weighs heavily in favor of detention.

### III. CONCLUSION

The Government can prove by clear and convincing evidence that McKizzie poses a danger to any person or the community if released. Therefore, the Government moves that McKizzie be detained pending trial under 18 U.S.C. § 3142.

Dated: April 19, 2024					Respectfully Submitted,
							ANDREW M. LUGER
							United States Attorney

*s/ Kristian Weir*

BY: KRISTIAN WEIR
Assistant U.S. Attorney